## SUNNYSIDE COMPANY *v.* READ.

Opinion delivered November 15, 1902.

ENTICING AWAY LABORERS—EVIDENCE.—Under Sand. & H. Dig., § 4792, providing that if one shall entice away or knowingly employ, etc., a laborer or renter to leave his employ or the place rented before the expiration of his contract, he shall be guilty of a misdemeanor and liable in double damages to the employer or landlord, a judgment for double damages in favor of a landlord is not supported by evidence that persons under contract to rent plaintiff's land left it to work for tenants of defendant, but that defendant had no control over its tenants, and did not induce plaintiff's tenants to leave plaintiff.

Appeal from Chicot Circuit Court.

ZACHARIAH T. WOOD, Judge.

Reversed.

*Baldy Vinson,* for appellant.

The complaint was defective. 73 Miss. 452; Sand. & H. Dig. § 4792. · Must have a reasonable construction. 22 So. Rep. 831; 70 Miss. 245; 12 So. Rep. 249; 13 So. Rep. 935. This is a penal action. 19 Ark. 172; 54 Ark. 364. The venue must be alleged and proved. Sand. & H. Dig. § 5685; 56 Ark. 539. Damages in this case are, in effect, a fine and punishment. 19 Ark. 172; 54 Ark. 367. The act of March 22, 1887, is void. 52 Ark. 291; 55 Ark. 389; 122 Pa. St. 627.

*J. F. Robinson, B. F. Merritt* and *P. C. Dooley* for appellee.

The right of recovery is a civil action. 68 Ark. 433. The amendment of the complaint was proper. Sand. & H. Dig. §§ 5769, 5772; 64 Ark. 257; 64 Ark. 501. One claiming to have been misled must show in what manner. 26 Ark. 405. If the amendment was material, it was cured by the allegations of the answer. 30 Ark. 249; 60 Ark. 70. The amendment was immaterial. Sand. & H. Dig. §§ 5764-5. The objection to the complaint could have been reached by a motion to make more specific. 52 Ark., 378; 49 Ark. 277. The objection to misjoinder of ·causes of action was waived. Sand. & H. Dig. §§ 5703, 5706; 51 Ark. 235; 49 Ark. 306; 54 Ark. 561, 292. The finding of interest was warranted by the evidence. 56 Ark. 619.

HUGHES, J. This action was brought under section 4792 of Sandels & Hill's Digest by the appellee against the appellant. That section provides that: "If any one shall wilfully interfere with, entice away, knowingly employ, or induce a laborer or renter, who contracted as herein provided, to leave his employ or the place rented before the expiration of his contract, he shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not less than twenty nor more than two hundred dollars, and, in addition to such fine, shall be liable to the employer in double the amount of damages such employer or landlord may suffer by such abandonment."

The complaint in this case alleges that the plaintiff had entered into contract for the year 1898 with certain parties named to rent land from her, and perform labor, and make a crop of cotton and corn on the Rosmere plantation, in Chicot county, Arkansas; that said parties cultivated their crops to maturity; that the defendant, the Sunnyside Company, is a foreign corporation.

doing a large planting business in said county of Chicot on the Sunnyside plantation; that shortly after said cotton crop was matured and the said renters had begun to pick the same, the defendant, the Sunnyside Company, by its authorized agents and employees, acting within the scope of their employment, did wilfully interfere with and induce and knowingly employ each of said laborers and renters to leave plaintiff's employment and the place rented before the expiration of said contract, and thereby caused plaintiff to lose in rents and accounts the sum of $535.56, and to the damage of plaintiff $535.56, for which she prayed judgment. Judgment for plaintiff.

There was a demurrer to the complaint, and also a motion to make it more specific, which were overruled, and the defendant answered, denying the material allegations in the complaint.

The complaint, as amended, seems to be sufficient; but we do not discuss the various questions raised by the demurrer and the motion to make more specific, as in our judgment the evidence does not sustain the verdict of the jury in the case.

There is no direct or positive evidence that the Sunnyside Company, the defendant, ever wilfully induced, interfered with, or knowingly employed each of said laborers or renters to leave plaintiff's employment and the places rented before the expiration of their contracts. The defendant denied this in the answer, and the agents in charge of and managing the Sunnyside plantation and the Hyna place of the defendant all deny the charge unequivocally in their testimony in the case, and there is no evidence, either positive or circumstantial, to sustain it.

It is true that there is evidence that these laborers or tenants left the Rosmere plantation of plaintiff in November, 1898, and went on the Sunnyside and Hyna places of the defendant to work for parties who had rented land from defendant, but there is no proof that the agents of the defendant induced them to do so or employed them. The proof shows that the defendant had no control of those for whom they worked, and that the parties for whom they worked were tenants of the defendant. Tyler, one of the parties who left Mrs. Read's place, is shown to have rented land on the Sunnyside plantation in the beginning. It appears to the court that there is a failure of the evidence to sustain the verdict of the jury in this case, for which the judgment is reversed, and the cause is remanded for a new trial.